```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
SEAN MACGUIRE REINICKE,                                       :
                                        Plaintiff,            :
                                                              :
                -against-                                     :
                                                              :
RUSSELL CASTELLO ATKINS, et al.,                              :
                                        Defendants.           :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/14/2020

20 Civ. 1266 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendants filed a Notice of Removal on February 13, 2020 (Dkt. No. 5);

WHEREAS, Defendants' Notice of Removal states that Plaintiff's complaint "demands an amount which exceeds the jurisdictional limits of all lower Courts. Accordingly, the amount in controversy in this suit is in excess, exclusive of interest and costs, of $75,000" ;

WHEREAS, "[t]he clause 'lower Courts' is an obvious reference to the lower courts of New York, which may not entertain actions seeking to recover greater than $25,000, and not the federal district courts." *Woodley v. Massachusetts Mut.*, No. 08 Civ.0949, 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008);

WHEREAS, the Notice of Removal does not allege additional facts to establish that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a);

WHEREAS, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447; *accord Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006) (observing "the well-settled doctrine that a court must satisfy itself that it has subject matter jurisdiction and may at any time in the course of litigation consider whether such jurisdiction exists");

WHEREAS, "[i]n determining whether jurisdiction is proper, we look only to the

jurisdictional facts alleged in the Notices of Removal." *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007); *accord Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994) ("The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy.") (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936));

WHEREAS, the Second Circuit has "held that out of respect for the limited jurisdiction of the federal courts and the rights of states, we must 'resolv[e] any doubts against removability.'" *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d at 124. "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo*, 28 F.3d at 273-74;

WHEREAS, Defendants' Notice of Removal establishes that the amount in controversy exceeds $25,000, but Defendants have failed to meet their burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). It is hereby

**ORDERED** that the matter is summarily remanded to state court. Pursuant to section 1447(c), the Clerk of Court is respectfully directed to mail a certified copy of this Order to the Supreme Court of the State of New York, New York County. The Clerk of Court is further directed to close the case.

Dated: February 14, 2020
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**